# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MILOUS BROWN, | ) CASE NO. 4:19 CV 2950 |
| Petitioner, | ) JUDGE JOHN R. ADAMS |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| DAVID GRAY, WARDEN, | ) AND ORDER |
| Respondent. | ) |

*Pro se* Petitioner Milous Brown filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Brown is currently incarcerated in the Belmont Correctional Institution, having been convicted in 2011 in the Mahoning County Court of Common Pleas of two counts of gross sexual imposition. In the Petition, Brown asserts: (1) the trial court denied him due process by denying his Motion for New Trial based on newly discovered evidence; and (2) the trial court denied him due process by dismissing his Post-Conviction Petition. This is Brown's second § 2254 Petition for a Writ of Habeas Corpus challenging this conviction. For the reasons set forth below, this Petition is transferred to the United States Sixth Circuit Court of Appeals for permission to proceed with a successive Petition.

## I.     Procedural Background

Brown was charged in a single indictment with two counts of gross sexual imposition and one count of rape. On Brown's Motion, the trial court severed the gross sexual imposition counts from the rape count. A jury convicted Brown on the two counts of gross sexual imposition, which

is the conviction pertinent to this Petition. In a separate bench trial on the rape charge, the trial court found Brown guilty of the lesser included offense of gross sexual imposition. Brown was sentenced to five years for each count to be served consecutively for an aggregate total sentence of fifteen years.

The Ohio Seventh District Court of Appeals affirmed his conviction. *See State v. Brown*, No. 11 MA 117, 2013 WL 6672423 (Ohio 7 Dist. App. Ct. Dec. 13, 2013). The Ohio Supreme Court denied Brown's Motion for Delayed Appeal. *State v. Brown*, 9 N.E.3d 1061 (Ohio 2014)(table).

Brown filed a Post-Conviction Petition in the trial court, which was denied on the merits. He appealed that decision and the Ohio Seventh District Court of Appeals determined Brown's Petition had been untimely filed and never properly before the trial court. *State v. Brown*, No. 13 MA 175, 2015 WL 5703087 (Ohio 7 Dist. App. Ct. Sept. 23, 2015). The Ohio Supreme Court did not accept Brown's Petition for review. *State v. Brown*, 43 N.E. 453 (Ohio 2015)(table).

Brown filed a Motion to Reopen his Direct Appeal under Ohio Appellate Rule 26(b), raising ineffective assistance of counsel claims. The Ohio Seventh District Court of Appeals denied the Motion. *State v. Brown*, No. 11 MA 117, 2014 WL 5493466 (Ohio 7 Dist. App. Ct. Oct. 24, 2014). The Ohio Supreme Court did not accept Brown's Petition for review. *State v. Brown*, 43 N.E. 453 (Ohio 2015)(table).

Brown filed his first Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on March 9, 2016 in this federal court. *See Brown v. Miller*, No. 4:16 CV 600 (N.D. Ohio Oct. 10, 2018)(Adams, J.). He asserted five grounds for relief: (1) the evidence was insufficient for the jury to convict him of gross sexual imposition; (2) his appellate counsel was ineffective for withdrawing

after filing a merits brief; (3) his trial counsel was ineffective; (4) the trial court erred when it sentenced him to maximum consecutive terms of imprisonment; (5) he is entitled to a new trial based on newly discovered evidence. This District Judge adopted the Magistrate Judge's Report and Recommendation that concluded that Brown procedurally defaulted his third ground for relief and his remaining grounds were either meritless or were not cognizable in habeas. *Id.* This Court denied the Petition and declined to issue a Certificate of Appealability. Brown appealed and the United States Sixth Circuit Court of Appeals also declined to issue a Certificate of Appealability.[1] *See Brown v. Gray,* No. 18-4134 (6th Cir. Jan. 15, 2019).

While his habeas Petition was pending in this Court, Brown filed a Motion for New Trial in the trial court indicating he had newly discovered evidence. Specifically, he stated he had obtained call logs from Children's Services which called into question the veracity of one witness's testimony. The trial court determined the material was not newly discovered as it was available to him at the time of trial. Brown also attempted to file a second Petition for Post Conviction relief asserting similar claims. The trial court summarily denied the Petition. The Ohio Court of Appeals consolidated Brown's appeals of both of these decisions. The Appellate Court affirmed the trial court's decisions, finding the evidence was available to Brown before trial and finding the Post-Conviction Petition to be both successive and untimely filed.

Brown has now filed this second Petition for a Writ of Habeas Corpus in this federal Court under 28 U.S.C. § 2254. He asserts two grounds for relief: (1) the trial court denied him due process

---

[1] Brown separately pursued appeals of conviction of the lesser included charge of gross sexual imposition as found in Count 3 of the indictment. He also pursued a Petition for a Writ of Habeas Corpus relative to that conviction, *Brown v. Miller*, No. 4:15 CV 1782 (N.D. Ohio Sept. 2, 2015). That conviction is not the topic of the current habeas Petition before the Court.

by denying his Motion for a New Trial under Ohio Criminal Rule 33 based on newly discovered evidence; and (2) the trial court denied him due process by dismissing his Post-Conviction Petition. He asks this Court to schedule an evidentiary hearing and vacate his conviction and sentence.

**II.     Successive Petitions**

Before a second or successive Petition for a Writ of Habeas Corpus can be filed in the District Court, the Petitioner must move in the appropriate Circuit Court of Appeals for an Order authorizing the District Court to consider the Application. 28 U.S.C. § 2244(b)(3)(A). The District Court does not have jurisdiction to entertain a successive Petition for a Writ of Habeas Corpus in the absence of an Order from the Court of Appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). When a second or successive Petition is filed in this Court without § 2244(b)(3) authorization, this Court must transfer the Petition to the Sixth Circuit Court of Appeals. *Id.* That being the case, this Court is without jurisdiction to entertain this Petition if it is successive, unless authorized to do so by the Court of Appeals for the Sixth Circuit.

To be "successive" within the meaning of the statute, the subsequent Petition must relate to the same conviction or sentence under attack in the prior Petition. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). Not all subsequent Petitions relating to the same conviction or sentence, however, are considered successive. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998). A later Petition is not successive where the first Petition was dismissed as premature, was dismissed without prejudice for failure to exhaust state court remedies, or was dismissed because Petitioner failed to either pay the filing fee or provide proper support for his application for pauper status. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Stewart*, 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California*, No.

-4-

C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the prior dispositions were not "on the merits." *See Slack*, 529 U.S. at 485-86. Conversely, when a prior Petition is dismissed "on the merits," or on the grounds of procedural default, or statute of limitations, the prisoner must obtain authorization from the Court of Appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000); *Staffney v. Booker*, No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009).

This Petition is successive. Brown is challenging the same conviction that he challenged in Case No. 4:16 CV 600 (N.D. Ohio Oct. 10, 2018). His first Petition was considered on the merits and denied. The Sixth Circuit denied a Certificate of Appealability. This Court is without jurisdiction to consider this Petition without authorization to do so by the Sixth Circuit.

**III.  Conclusion**

Accordingly, pursuant to *In re Sims*, 111 F.3d 45 (1997), this action is transferred to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

    s/John R. Adams 2/7/20
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE